**Rosalie Wright COBERLY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 925–82.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 26, 1983.

573 S.W.2d 219, 233–234 (Tex.Cr.App.1978).

Malcolm Dade, Dallas, for appellant.

Tim Curry, Dist. Atty., C. Chris Marshall, Mike Sheehan and Joe C. Lockhart, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

Appeal is taken from a conviction for obscenity. V.T.C.A., Penal Code, Sec. 43.23. After finding Appellant guilty, the jury assessed punishment at 3 months, probated, and a $2,000 fine. The Court of Appeals reversed Appellant's conviction. *Coberly v. State,* 640 S.W.2d 428 (Tex.App.—Ft. Worth 1982). Appellant's conviction was reversed by the Court of Appeals due to the trial court's failure to charge the jury on the consequences of a presumption under V.T.C.A., Penal Code, Sec. 2.05.

In her petition for discretionary review, Appellant raises numerous contentions in which she maintains that the obscenity statute is unconstitutional and that the search warrant in the instant cause is invalid. Although the Court of Appeals reversed Appellant's conviction, that Court nevertheless addressed the merits of each of these contentions and found them to be without merit.

It is well established the constitutionality of a statute will not be determined in any case unless such a determination is absolutely necessary to decide the case in which the issue is raised. *Ex parte Salfen,* 618 S.W.2d 766 (Tex.Cr.App.1981). Therefore, the Court of Appeals was not required to address the constitutional questions presented by Appellant with regard to the obscenity statute. Likewise, the Court of Appeals was not required to address the questions concerning the validity of the search warrant.

This Court expresses no opinion with respect to the disposition of Appellant's grounds of error which the Court of Appeals found to be without merit. We agree that the judgment must be reversed and the cause remanded due to the trial court's failure to charge the jury on the consequences of a presumption under Sec. 2.05, *supra.* Therefore, Appellant's petition for discretionary review is refused.

IT IS SO ORDERED.