**S.H. WILSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 66036.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 19, 1983.

Weldon Holcomb, Tyler, for appellant.

Hunter B. Brush, Dist. Atty. and Dale Paul Summa, Asst. Dist. Atty., Tyler, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for driving a motor vehicle upon a public highway while intoxicated. See Article 6701*l*–1, V.A.C.S. After the jury found the appellant guilty, punishment was assessed by the trial court at ten (10) days in the county jail and a $200.00 fine.

In a sole ground of error appellant contends the trial court erred in instructing the jury, over objection, on the presumption of intoxication as a result of a breath test.

The main thrust of appellant's argument is that even if he "opened the door"[1] and Officer Reynolds was allowed, under *Birdwell v. State,* 510 S.W.2d 347 (Tex.Cr.App.

1974), to testify that a chemical breath test was administered and the results showed appellant to have a 0.17% blood alcohol level, there was an absence of expert testimony from a chemist or others qualified to testify as to remove the "hearsay" question, and that the court erred in charging on the presumption of intoxication under Article 6701*l*–5, § 3(a), V.A.C.S. We need not discuss the main thrust of appellant's argument, since no charge under V.T.C.A., Penal Code, § 2.05, was given. Thus there was fundamental error, even if it can be argued that error was not preserved by the objections to the charge.

In accordance with Article 6701*l*–5, § 3(a), V.A.C.S.,[2] the court gave the following jury instructions:

"Under the laws of Texas upon the trial of any criminal action arising out of acts alleged to have been committed by any person while driving or in actual physical control of a motor vehicle while under the influence of intoxicating liquor and there is evidence which establishes to the jury that there was at the time of the act alleged 0.10 percent or more by weight of alcohol in the person's blood as shown by chemical analysis of his breath, it shall be presumed that the person was under the influence of intoxicating liquor.

"Such evidence, however, is merely evidence upon which the Jury might, but is not required, to find a verdict. Such evidence is not conclusive, but is to be weighed together with other evidence in the case and in connection with the Court's charge on reasonable doubt and the presumption of innocence."

---

1. Appellant testified on direct examination he had been given a breath test and that it showed "nothing" and that when one officer so indicated another officer told him to state "0.17 or something" on the report. The State then called Officer Reynolds in rebuttal.

2. Article 6701*l*–5, § 3(a), V.A.C.S., provides: "Sec. 3. (a) Upon the trial of any criminal action or proceeding arising out of acts alleged to have been committed by any person while driving or in actual physical con-

trol of a motor vehicle and while under the influence of intoxicating liquor, evidence of the amount of alcohol in the person's blood at the time of the act alleged as shown by chemical analysis of his blood, breath, urine, or any other bodily substance, shall be admissible and if there was at that time 0.10 percent or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of intoxicating liquor."

Among appellant's objections to the jury charge were complaints that the above charge was confusing, a comment on the weight of evidence, lessened the burden of proof required of the State, and "that in connection therewith there is no statement that the burden of proof of the State is 'proof beyond a reasonable doubt' as to every material element of the offense charged and deprives the defendant of due process."

The objections were overruled.

V.T.C.A., Penal Code, § 2.05, as amended 1975, provides:

"When this code or another penal law establishes a presumption with respect to any fact, it has the following consequences:

"(1) if there is sufficient evidence of the facts that give rise to the presumption, the issue of the existence of the presumed fact must be submitted to the jury, unless the court is satisfied that the evidence as a whole clearly precludes a finding beyond a reasonable doubt of the presumed fact; and

"(2) if the existence of the presumed fact is submitted to the jury, the court shall charge the jury, in terms of the presumption and the specific element to which it applies, as follows:

"(A) that the facts giving rise to the presumption must be proven beyond a reasonable doubt;

"(B) that if such facts are proven beyond a reasonable doubt the jury may find that the element of the offense sought to be presumed exists, but it is not bound to so find;

"(C) that even though the jury may find the existence of such element, the state must prove beyond a reasonable doubt each of the other elements of the offense charged; and

"(D) if the jury has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose."

(Acts 1975, 64th Leg., p. 912, ch. 342, § 2, eff. Sept. 1, 1975.)

The provisions of § 2.05 have been held to be mandatory. *Ginther v. State,* 605 S.W.2d 610, 612 (Tex.Cr.App.1980); *Eckman v. State,* 600 S.W.2d 937, 939 (Tex.Cr. App.1980). See also *Wolff v. State,* (Tex. App.—Austin, 462–82, March 30, 1983). The failure to include an instruction on § 2.05 has resulted in reversals where there has been a proper objection to the charge of the court. *Ginther v. State,* supra; *Eckman v. State,* supra.

In *Eckman v. State,* supra, it was written:

"We also observe that the charge actually given instructed the jury that the presumption 'may be overcome by evidence.' While it neglected to inform the jury, *as required* by Sec. 2.05, that if it had 'a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose.' In this respect the charge was at best confusing and could have shifted the burden in the minds of the jury." (Emphasis supplied.)

■ It has been further held that even if a defendant does not object to a court's charge or request a specific charge or instruction be given, the language of § 2.05(2)(A)–(D), supra, remains mandatory and there is fundamental error if it is not given. The portion of the court's charge concerning a presumption should contain the reasonable doubt standard as required by § 2.05(2). *Coberly v. State,* 644 S.W.2d 734, 735 (Tex.Cr.App.1983), affirming the decision of the Ft. Worth Court of Appeals. *Coberly v. State,* 640 S.W.2d 428 (Tex.App. —Ft. Worth 1982); *Goswick v. State,* 656 S.W.2d 68 (Tex.Cr.App.1983). Cf. *Jones v. State,* 658 S.W.2d 594 (Tex.Cr.App.1983).

■ The charge in the instant case states that upon evidence of the described character "it *shall* be presumed that the person was intoxicated." The law under § 2.05(2)(A), (B), (C) and (D) is that there is no presumption of the specific element un-

less the facts giving rise to it are proven beyond a reasonable doubt, and even then the jury is not bound to use the presumption, that even if the jury finds the existence of the specific element the other elements of the offense must be proven beyond a reasonable doubt, and if the jury has a reasonable doubt as to a fact or facts giving rise to the presumption, the presumption fails and the jury cannot consider the presumption for any purpose. The charge given was a misstatement of the law, was thus misleading and most damaging. Further, the jury was told that such evidence was evidence upon which "the jury might ... find a verdict." This could lead the jurors to believe they need not find the other elements of the offense of driving while intoxicated.

The court in its charge did refer the jurors to the court's instructions on reasonable doubt and presumption of innocence.

The court had charged the jury in another portion of the charge:

"The defendant is presumed to be innocent until his guilt is established by legal and competent evidence beyond a reasonable doubt, if it is, and in the event you have a reasonable doubt as to the defendant's guilt, you will acquit the defendant."

This charge was in accordance with Article 38.03, V.A.C.C.P., 1965, in existence at the time of the charge.[3] The latest expression of the Legislative intent in existence at the time was V.T.C.A., Penal Code, § 2.01, which reads:

"All persons are presumed to be innocent and no person may be convicted of an offense unless *each element of the offense* is proved beyond a reasonable doubt. The fact that he has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no

inference of guilt at his trial." (Emphasis supplied.)

While there was no objection to the court's charge based on Article 38.03, supra, the legislative intent was expressed in § 2.01 and the charge should have been based thereon. While the reasonable doubt charge based on Article 38.03, supra, prior to its 1981 amendment, would not, standing alone, have constituted reversible error, cf. *Aston v. State,* 656 S.W.2d 453 (Tex.Cr.App. 1983), it is not sufficient to save the "presumption" charge given.

We conclude the objections to the court's charge were sufficient to call the court's attention to the error in the charge, and reversal is required. *Ginther v. State,* supra. If it can be argued that the objections were not sufficient to preserve error, fundamental error is none the less presented. *Goswick v. State,* supra; *Coberly v. State,* supra.

In view of the trial error, the judgment is reversed and the cause is remanded.

McCORMICK, J., dissents.

---

**3.** Article 38.03, V.A.C.C.P., 1965, provided:
   "The defendant in a criminal case is presumed to be innocent until his guilt is established by legal evidence beyond a reasonable doubt, and in case of reasonable doubt as to his guilt he is entitled to be acquitted."

Article 38.03, supra, has now been amended to read exactly like V.T.C.A., Penal Code, § 2.01 (Acts 1981, 67th Leg., p. 2247, ch. 539, § 1, eff. June 12, 1981).