**Charles BARROS, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–82–350 CR.**

Court of Appeals of Texas, Corpus Christi.

Nov. 23, 1983.

Jon R. Wood, Brownsville, for appellant.

Reynaldo S. Cantu, Jr., Brownsville, for appellee.

Before PAUL W. NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

YOUNG, Justice.

This is an appeal from a conviction of five counts of theft. The indictment charged appellant with six counts, and the jury found appellant guilty of the five counts that the court submitted. The trial judge assessed appellant's punishment at imprisonment of ten years on each count all to run concurrently. We reverse.

Deputies from the Cameron County Sheriff's Department recovered numerous stolen items when they executed a search warrant on appellant's residence. These items included:

1. One Craftsman chain saw
2. One Kraco radio
3. One Welding torch
4. One Black and Decker drill
5. One General Electric radio
6. One Ladies ring
7. One Pair of binoculars
8. One Sony television set
9. One Rolex watch
10. One University of Texas graduation ring
11. One ring
12. Assorted jewelry

The Rolex watch, University of Texas graduation ring and some jewelry were found in the purse belonging to appellant's wife. At trial several men testified to burglarizing various houses. Some of the men attested to selling various stolen items directly to appellant. Many of those items were found in appellant's residence when the sheriff's department conducted the search. Owners described the property and estimated the value of their recovered property. Appellant testified that he had purchased the items, but denied knowing that they had been stolen.

Appellant first argues that the State failed to show value of more than the $200.00 necessary for a felony conviction for the Craftsman chain saw. In passing on the sufficiency of the evidence, we must view it in the light most favorable to the verdict. *Drager v. State,* 548 S.W.2d 890 (Tex.Cr.App.1977). In a criminal case the burden of proof is on the State to prove every element of the offense. *Wright v. State,* 603 S.W.2d 838 (Tex.Cr.App.1980). The test to determine the value of an item is the fair market value at the time and

place of the offense. If this information cannot be ascertained, the replacement cost of the item within a reasonable time of the theft determines its value. Tex.Penal Code Ann. § 31.08 (Vernon 1974). Appellant testified that he could buy the chain saw new for $87.00 or used for $70.00. The owner testified that the value of the chain saw was "about $200.00." Neither appellant's nor the owner's testimony tends to establish the chain saw's value as more likely to be over than under $200.00. Failure to prove the market value of stolen items is not fatal to a prosecution for felony theft where there is no evidence that the value of the items is less than $200.00, and there is some evidence admitted without objection to show that the property has a value of over $200.00. *Bullard v. State,* 533 S.W.2d 812 (Tex.Cr.App.1976). The present situation differs, however, because it includes testimony that the chain saw could be worth less than $200.00. Neither appellant's nor the owner's testimony is sufficient to establish the value of the chain saw to be over rather than under $200.00. The first ground of error is sustained.

Appellant's second ground of error alleges that the trial court failed to charge the jury on "testimony of accomplice" when there was such testimony during the trial and the charge further failed to recognize the burden of proving appellant's knowledge that the property was stolen. Appellant argues that Tex.Code Crim.Proc.Ann. art. 38.14 (Vernon 1974) mandates the charge to include instructions on accomplice testimony for two witnesses, George Chronis, III, and Thomas Allen Mora who, appellant argues, were accomplices as a matter of law. Courts have repeatedly held that failure to object to a charge or request a special charge waives any alleged error if the charge was not calculated to injure appellant's rights or prevent a fair and impartial trial. Tex.Crim.Proc.Code Ann. arts. 36.14, 36.15 (Vernon Supp.1982); *Manry v. State,* 621 S.W.2d 619 (Tex.Cr.App. 1981); *White v. State,* 610 S.W.2d 504 (Tex. Cr.App.1981); *Thomas v. State,* 605 S.W.2d 290 (Tex.Cr.App.1980); *Huerta v. State,* 635 S.W.2d 847 (Tex.App.—Corpus Christi 1982,

pet ref'd). The record reflects no objection to the charge, nor any specially requested charge, based upon appellant's present contentions. Appellant has not alleged that failure to expand the charge was fundamental error or specifically explained how the charge harmed him. No error is shown. Appellant's second ground is overruled.

Appellant in ground of error three alleges that in counts two, four, and five the State failed to prove the value of each article individually.

Count two alleged theft of a Kraco stereo radio, Black and Decker drill and welding torch owned by Victor Lozano. Lozano testified that the total value of the articles stolen from his place of business was about $4,000.00. He said the radio, drill and welder accounted for about "one percent of what they stole." He did not state whether this was one percent of the total *number* of items stolen or the *amount* stolen, but he did specifically state that these three items were worth about $600.00. If the manner of proving the item's value does not meet with the approval of defendant, it is incumbent upon him to voice his objection at the time of the introduction of the testimony. *Bullard* at 815. *Turner v. State,* 486 S.W.2d 797 (Tex.Cr.App.1972). Appellant did not object to the manner in which the value of stolen property was proven in counts two, four or five. Appellant thereby waived any complaint about the manner of proof. The jury, as the trier of facts, is authorized to accept or reject any or all of any witness's testimony for either the State or the accused. *Ables v. State,* 519 S.W.2d 464 (Tex.Cr.App.1975). As the exclusive judge of the facts the jury was entitled to determine that this particular one percent of the stolen items was worth more than $200.00. No error is shown.

Greg Salazar testified that the police recovered and returned the ladies ring, worth approximately $300.00, and binoculars, worth approximately $100.00; but the police did not recover the rare coin collection. Since George Chronis, III, only

testified to selling appellant the $100.00 binoculars, appellant contends that this value was substantially less than the "over $200.00" alleged in the indictment and required for a felony conviction. Proof that the binoculars had a value of $100.00 and the ring had a value of $300.00 is sufficient to sustain a conviction for felony theft. Appellant's knowledge that the ring was stolen can be established circumstantially. *Miller v. State,* 507 S.W.2d 203 (Tex.Cr.App. 1974). Salazar testified that the ring disappeared from his house the same time the binoculars disappeared. George Chronis, III, testified he stole the binoculars from Salazar's house and sold them to appellant.

The Sheriff's deputies found the ring and binoculars in appellant's trailer when they executed the search warrant. The evidence is sufficient to support a felony theft conviction when the indictment alleges that the defendant appropriated several items having an aggregate value of over $200.00, and the State proves the defendant appropriated individual items whose separate values, when added together, exceed $200.00. *Wiley v. State,* 632 S.W.2d 746 (Tex.Cr.App. 1982). No error is shown.

Count five alleges that seven articles were stolen from Anzaldua. Appellant contends that a fatal variance exists since the indictment alleges aggregate value rather than the value of each article, the property is not necessarily of uniform value, the proof does not show a theft of all property as alleged, and Anzaldua's testimony does not show that the items which he identified were the same items mentioned in the indictment. Count five charged appellant with theft of one Sony television set, two ladies wrist watches, one Caravell necklace watch, one gold cross, one gold bracelet and one gold ring, owned by Oscar Anzaldua. Anzaldua testified that his house was burglarized. From photographs he identified a Sony television, a watch, a cross, rings, necklace and bracelet as his property stolen in the burglary. Anzaldua testified that the Sony television was valued at $150.00 and the jewelry at $200.00. Appellant offered no testimony

that the value of the items named in each count was less than $200.00 and is for the first time challenging the evidence regarding its value. No error is shown. Appellant's third ground of error is overruled.

In ground of error number four, appellant alleges a violation of the Speedy Trial Act. Before this case was tried appellant filed a motion to dismiss the indictment on the ground that the time period provided in the Speedy Trial Act had lapsed. See Tex. Crim.Proc.Code Ann. art. 32A.02 (Vernon Supp.1982). Then appellant announced ready when the trial commenced. Although appellant told the State's attorney that the trial judge had ruled for the State, the record does not indicate that appellant presented the motion to the court for a formal ruling.

The provisions of the Speedy Trial Act are waived unless the defendant moves for a discharge under the Act prior to trial. Tex.Crim.Proc.Code Ann., art. 32A.02 § 3 (Vernon Supp.1982). Although appellant raised the Speedy Trial Act by filing a motion to dismiss, he failed to pursue the motion to an adverse ruling and he announced ready when the trial commenced. This operated as a waiver of the provisions of the Speedy Trial Act. *Martinez v. State,* 565 S.W.2d 70 (Tex.Cr.App. 1978); *Lujan v. State,* 626 S.W.2d 854 (Tex. App.—San Antonio 1982, pet. ref'd); *Leal v. State,* 626 S.W.2d 866 (Tex.App.—Corpus Christi 1981, no pet.). Appellant's fourth ground of error is overruled.

We next address an issue dispositive of this appeal. The court's charge to the jury contains fundamental error and this case must be reversed even though the appellant did not raise an objection to the charge at trial and has not assigned a ground of error concerning this matter on appeal. The court's charge included a paragraph allowing the jury to presume appellant's knowledge under Tex.Penal Code Ann., Sec. 31.03(c)(3) (Vernon Supp.1982–83). The charge provided:

"5.

A person engaged in the business of buying and selling used or secondhand personal property, or lending money on the security of personal property deposited with him, is presumed to know upon receipt by the person of stolen property that the property has been previously stolen from another if the person pays for or loans against the property $25.00 or more (or consideration of equivalent value) and the person knowingly:

a. fails to record the name, address and physical description or identification number of the seller or pledgor;

b. fails to record a complete description of the property, including the serial number, if reasonably available, or other identifying characteristics; or

c. fails to obtain a signed warranty from the seller or pledgor that the seller or pledgor has the right to possess the property. It is the express intent of this provision that the presumption arises unless the actor complies with each of the numbered requirements."

The court did not charge the jury under Tex.Penal Code Ann. § 2.05. Where the court charges on a statutory presumption, a specific charge or instruction in the language of § 2.05(2)(A)–(D) is *mandatory* and there is fundamental error if it is not given. *Wilson v. State,* 658 S.W.2d 615 (Tex.Cr.App.1983); *Coberly v. State,* 644 S.W.2d 734 (Tex.Cr.App.1983), affirming *Coberly v. State,* 640 S.W.2d 428 (Tex.App.-Ft. Worth 1982); *Jones v. State,* 658 S.W.2d 594 (Tex. Cr.App.1983); *Goswick v. State,* 656 S.W.2d 68 (Tex.Cr.App.1983).

The charge in the instant case provides that a person "is presumed to know" that property was previously stolen if the person has failed to comply with certain record-keeping procedures. "The law under Sec. 2.05(2)(A)(B)(C) and (D) is that there is no presumption of the specific element unless the facts giving rise to it are proven beyond a reasonable doubt, and even then the jury is not bound to use the presumption, that even if the jury finds the existence of the specific element the other elements of the offense must be proven beyond a reasonable doubt, and if the jury has a reasonable doubt as to a fact or facts giving rise to the presumption, the presumption fails and the jury cannot consider the presumption for any purpose." *Wilson v. State,* 658 S.W.2d 615 (Tex.Cr.App.1983). The portion of the court's charge concerning the presumption contained *none* of the instructions required by § 2.05. The complete omission of limiting instructions presented the presumption as irrebuttable. See *Coberly,* 644 S.W.2d at 735. While an instruction on reasonable doubt was included in paragraph 16, a general instruction contained elsewhere in the charge concerning reasonable doubt is insufficient to satisfy the provisions of § 2.05. *Goswick,* 656 S.W.2d at 70. Because of the trial court's omission, we are required to find fundamental error and reverse the judgment of the trial court.

The judgment of the trial court is reversed and the cause is remanded for a new trial.