**Tommy Wayne ALEXANDER,**
**Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 6–83–116–CR.**

Court of Appeals of Texas,
Texarkana.

June 18, 1985.

Rehearing Denied June 16, 1985.

Louis Mathis, Texarkana, for appellant.

Louis Raffaelli, Dist. Atty. of Bowie County, Texarkana, for appellee.

BLEIL, Justice.

Tommy Alexander appeals his misdemeanor theft conviction. He raises issues concerning the sufficiency of the evidence to show Dillard's Department Store's ownership and lack of consent to the taking, and a $26.00 value of the stolen men's slacks. We hold in favor of the State and affirm.

Dale Clingan, security manager for Dillard's at the Central Mall in Texarkana, saw Alexander come into the men's department of the store. Alexander went to a sweater rack, took a black and gray striped sweater and rolled it over its hanger, then went toward the dressing room, turned around, unrolled the sweater and put it back. He then picked up a black sweater and two pairs of gray slacks and went into the dressing room.

Clingan saw him come out of the dressing room with only one pair of gray slacks. Before Alexander left the store Clingan confronted him and discovered that he was wearing the gray slacks underneath the brown pants he had worn into the store.

The State offered into evidence the slacks which Alexander took. Over Alexander's hearsay objections to the Dillard's tag, showing a price of $26.00, the court admitted the pants with the price tag attached.

■ We turn now to whether the State sufficiently showed Dillard's ownership of the slacks and lack of consent to the taking. Clingan's testimony that he worked for Dillard's Department Store at Central Mall in Texarkana, that while in the store he saw Alexander take pants from Dillard's, that the pants had a Dillard's merchandise tag attached, and that no store representative gave Alexander consent to take the pants without paying for them, sufficiently establishes ownership in Dillard's and lack of effective consent. *Wells v. State*, 608 S.W.2d 200 (Tex.Cr.App.1980); *Williams v. State*, 591 S.W.2d 873 (Tex.Cr. App.1979). Alexander's reliance on *Gibbs v. State*, 610 S.W.2d 489 (Tex.Cr.App.1980), is misplaced. That decision simply reaffirmed the well-established principle that in theft prosecutions the proof must show beyond a reasonable doubt that the property belonged to the person from whom it is alleged to have been stolen. *Freeman v. State*, 417 S.W.2d 412 (Tex.Cr.App.1967).

In the *Gibbs* case, the defendant was alleged to have taken a tool from Montgomery Ward and Company, Inc. The Montgomery Ward security officer testified that he observed Gibbs take a socket set from a display rack and secrete it and identified the socket set retrieved from Gibbs on the parking lot as that which had been taken. The court reversed Gibbs' conviction because no witness testified that Montgomery Ward and Company, Inc. owned the stolen socket set. Here, Clingan said that the pants introduced in evidence were ones taken from Dillard's and that they were hanging on the rack in the Dillard's Department Store, for sale. Additionally, the recovered pants still had the Dillard's inventory and price tag on them. We conclude that the evidence sufficiently proves Dillard's ownership of the stolen slacks and that the taking was not consentual.

■ Next we consider whether the evidence of value sufficiently proves the $26.00 value alleged. The only evidence of the pants' value appeared on the Dillard's price tag which had the figures "$26.00" written above the word "price." Alexander says that this hearsay evidence should not have been admitted and is not permissible proof of value. He cites *Reyes v. State*, 579 S.W.2d 927 (Tex.Cr.App.1979); *Sisson v. State*, 561 S.W.2d 197 (Tex.Cr.App.1978); and *Ex parte Martinez*, 530 S.W.2d 578 (Tex.Cr.App.1975). Those cases dealt respectively with a "mug shot" with police

identification marks admitted to show identity, an improper introduction of evidence envelopes with written hearsay notations on them, and an in-dictum recognition that hearsay evidence has no probative value in an extradition case where identity was in issue. None support Alexander's argument, although *Ex parte Martinez,* supra, does seem to add credence to his contention. It quotes *Ex parte Thrash,* 167 Tex. Cr.R. 409, 320 S.W.2d 357 (1959) for the proposition that, "Mere hearsay is not only not the best, it is not even secondary, evidence; it is no evidence. It is not admissible although no better evidence is to be obtained."

While the court's pronouncement that hearsay evidence is no evidence appears to support Alexander's argument, it is inapposite when value is sought to be proved. The Court of Criminal Appeals has long held hearsay admissible to prove the value of property. *Gonzales v. State,* 478 S.W.2d 522 (Tex.Cr.App.1972); *Hermosillo v. State,* 475 S.W.2d 252 (Tex.Cr.App.1971); *Holmes v. State,* 126 Tex.Cr.R. 587, 72 S.W.2d 1092 (1934). This rule—that hearsay evidence is admissible to show value—is so well-established that the court in *Holmes v. State,* supra, said that: "[W]here value is an issue, hearsay is primary and indeed the best evidence, and in proving value it is always admissible to resort to hearsay." We believe that these cases squarely refute Alexander's contention. Indeed, *Kirkland v. State,* 489 S.W.2d 298 (Tex.Cr.App.1972), dealt with hearsay value evidence much like the Dillard's price tag value statement. There the court held a receipt for the sale of an oxygen container to a third party admissible to prove the value of a similar stolen container saying that, while the receipt is hearsay, the court had consistently held hearsay evidence admissible. We find the value stated on the price tag sufficient evidence of the $26.00 value alleged in the indictment.

The trial court's judgment is affirmed.