**Edward F. ORTIZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–86–00180–CR.**

Court of Appeals of Texas,
San Antonio.

Feb. 18, 1987.

Rehearing Denied March 17, 1987.

Henry Beltran, San Antonio, for appellant.

Fred G. Rodriguez, Dist. Atty., Sam Millsap, Jr., Former Dist. Atty., Susan Scelaro, Edward Shaughnessy, III, San Antonio, for appellee.

## OPINION

Before BUTTS, REEVES and CHAPA, JJ.

CHAPA, Justice.

Appellant was charged by information with the offense of theft ($200.00 to $765.00), and tried to a jury. He was found guilty and punishment was assessed at one year of incarceration in the Bexar County Jail and a $500.00 fine, plus costs of court.

In his first point of error, appellant contends that the trial court erred in admitting oral statements made by appellant in violation of the requirements of art. 38.22, TEX. CODE CRIM.PROC.ANN. (Vernon 1979).

The 1977 amendment to art. 38.22, *supra*, provides that the limitations of the statute apply only to statements that are the product of custodial interrogation. Oral statements are admissible if they are not the "result of" or do not "stem from custodial interrogation." *May v. State,* 618 S.W.2d 333 (Tex.Crim.App.1981). "Custodial interrogation" is defined as "questioning initiated by law enforcement officer after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *Paez v. State,* 681 S.W.2d 34 (Tex.Crim.App.1984). Custodial interrogation has also been defined to include interrogation by agents of law enforcement pursuant to a police practice. *Paez v. State,* 681 S.W.2d 34 (Tex.Crim.App.1984); *McCrory v. State,* 643 S.W.2d 725 (Tex. Crim.App.1982). Statements which are not "the result of" or do not "stem from" custodial interrogation are admissible under art. 38.22 on the question of guilt, and not merely to impeach a defendant who testifies. *Chambliss v. State,* 647 S.W.2d 257 (Tex.Crim.App.1983).

In the case at bar, the record reflects that the statements complained of were made to a security guard hired by the store. The record reflects no evidence that the security guard was a law enforcement officer or an agent of a law enforcement

officer. We hold that the statements made do not fall under the protection of art. 38.22, and are admissible for all purposes.

Appellant's second point of error contends that there is insufficient evidence to prove the element of market value to support the judgment.

The information alleges that:

On or about the 14th day of August, A.D., 1985, Edward F. Ortiz with intent to deprive the owner, Tim Hoover, of property, namely: ten (10) shirts; one (1) pair of pants; did unlawfully, without the effective consent of the owner, appropriate said property by acquiring and otherwise exercising control over said property, said property being other than real property which has an aggregate value of Two Hundred Dollars ($200) or more, but less than Seven Hundred Fifty Dollars ($750); against the peace and dignity of the State.

The State presented only one witness at the guilt-innocence phase of the trial. Tim Hoover testified he was employed by Mervyn's department store of San Antonio, which was owned by Dayton & Hudson Corporation. His exact title was Loss Prevention Manager and he had control and custody of the property at the store. The prosecution attempted to introduce through Hoover's testimony the amounts he saw on the price tags of the items alleged stolen. Defense counsel objected, contending hearsay as to market value. The court erroneously sustained the objection. After a discussion at the bench, the court erroneously instructed the jury, that this evidence was being admitted for a limited purpose of showing what Hoover actually saw and not to show the *actual* value.

Hoover was then permitted to testify as to the amounts he saw on the price tags and as to the total amount of the price tags. This is all the evidence presented by the prosecution pertaining to value. The State rested immediately thereafter and the defense counsel made a motion for a directed verdict which was overruled.

The question is whether this evidence is sufficient to sustain the burden of the prosecution to prove the element of value. The test for determining the sufficiency of the evidence to support a criminal conviction, in either a direct or circumstantial evidence case, requires that we look at the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact would have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Dickey v. State,* 693 S.W.2d 386, 387 (Tex.Crim. App.1984).

Under the general complaint of his second point of error, appellant initially complains that the trial court failed to define the term "value" in the charge.

■ Courts have repeatedly held that failure to object to a charge or request a special charge waive any alleged error if the charge was not calculated to injure appellant's rights or prevent a fair and impartial trial. TEX.CODE CRIM.PROC. ANN. arts. 36.14, 36.15 (Vernon Supp. 1982); *Manry v. State,* 621 S.W.2d 619 (Tex.Crim.App.1981); *White v. State,* 610 S.W.2d 504 (Tex.Crim.App.1981). Where, as here, the record reflects no objection to the charge, nor any specially requested charge and where appellant has not alleged that failure to expand the charge was fundamental error or specifically explained how the charge harmed him, no error has been shown. *Barros v. State,* 661 S.W.2d 337 (Tex.App.—Corpus Christi 1983, no pet.).

Appellant then complains that the State failed to prove market value of the merchandise stolen.

Because the entire evidence on value presented by the State was so brief, it is set out in its entirety:

Prosecution:

Q. Mr. Hoover, what price tags did you observe on these—on the 10 shirts?

A. There were different styles of the shirts. There was three shirts that were marked for $20.00, which totaled $60.00; there were two shirts that were $20.00 each that valued $40.00. Now, these are different styles. And there was one shirt valued at $18.00, and four shirts

valued at $18.00, which was $72.00. So it would be—

Q. Now, is that all the shirts?

A. That was all the shirts.

Q. And was there also a pair of pants?

A. Yes, there was.

Q. How much was the pair of pants?

A. That pair of pants was $28.00.

Q. Now, what would be the aggregate value of those 11 items? In other words, the sum total of those price tags?

A. $218.00

The Court of Criminal Appeals has long held hearsay admissible to prove the value of property. *Gonzales v. State*, 478 S.W.2d 522 (Tex.Crim.App.1972); *Hermosillo v. State*, 475 S.W.2d 252 (Tex.Crim. App.1971). In *Holmes v. State*, 126 Tex. Cr.R. 587, 72 S.W.2d 1092 (1934), the Court of Criminal Appeals said "where value is an issue, hearsay is primary and indeed the best evidence, and in proving value it is always admissible to resort to hearsay." 72 S.W.2d at 1093.

In *Kirkland v. State*, 489 S.W.2d 298 (Tex.Crim.App.1972), the court held a receipt for the sale of an oxygen container to a third party admissible to prove the value of a similar stolen container saying that, although hearsay, the court had consistently held hearsay evidence admissible.

In *Alexander v. State*, 694 S.W.2d 611 (Tex.App.—Texarkana 1985, no pet.) the court held that price tags, although hearsay, were admissible hearsay evidence and sufficient to sustain the conviction.

■ Similarly, the case before us involves hearsay testimony of price tags which was admissible to prove value. Because the errorneous ruling and instruction of the trial court was favorable to the appellant, he may not be heard to complain on appeal. However, he contends that the instruction leaves the record without evidence of value, and therefore reversible. We disagree.

■ Although the erroneous ruling and instruction created some confusion, the court nevertheless permitted the evidence to prove what Hoover actually saw. Since what Hoover actually saw were the price tags, they were in evidence and could properly be considered by the jury in determining value.

Therefore, considering the evidence in the light most favorable to the prosecution, we find that a rational trier of fact would have found the essential elements of the crime beyond a reasonable doubt. Point of error number two is overruled.

The judgment is affirmed.