Affirmed and Opinion filed November 12, 2004









Affirmed and Opinion filed November 12, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00470-CR

____________

 

JENNIFER ORIJI, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 6

Harris County, Texas

Trial Court Cause No. 1140366

 



 

O P I N I O N

Appellant Jennifer Oriji was convicted by
a jury of misdemeanor theft and assessed punishment at thirty days= confinement in
the Harris County Jail.  Asserting two
points of error, appellant contends: (1) the trial court erred by admitting
into evidence her written statement given to store employees when the statement
did not include written Miranda warnings; and (2) the evidence is
factually insufficient to support her conviction.  We affirm.   


 








FACTUAL BACKGROUND    

On October 17, 2002, appellant was inside
Foley=s Department Store
while Diane Cruz, Foley=s Loss Prevention Supervisor, watched her
through security cameras.  Appellant wore
an empty backpack, selected seven items of clothing without apparent regard to
price or size, and entered a fitting room. 
Cruz followed appellant to the fitting room area.  Appellant left the fitting room with a full
backpack and only two items of clothing in her hands.  However, the missing five items were not left
in the fitting room or in adjacent areas. 
When appellant exited the store, Cruz asked her to come to the loss
prevention office.  Appellant
agreed.  Inside the office, appellant
removed five items of clothing bearing Foley=s tags from her
backpack.  Appellant had no receipt for
the items.  Cruz told appellant it was
the manager=s decision whether to prosecute for theft
and asked appellant to make a written statement.  Cruz and another employee witnessed appellant
make a written statement wherein appellant admitted taking the merchandise
without paying.  After the written
statement was given, the Houston Police Department was called and appellant was
arrested.  Before trial, appellant=s motion to
suppress her written statement was denied. 

SUPPRESSION OF WRITTEN CONFESSION

In her first issue, appellant asserts the
trial court erred by admitting into evidence her written statement given to
store employees because it did not include written Miranda warnings.  Specifically, appellant points to article
38.22, '2 of the Texas
Code of Criminal Procedure as authority for her contention that Miranda warnings
are required on the face of the statement, even when the statement is taken by
private store security personnel.  This
statute provides: 








[n]o written
statement made by an accused as a result of custodial interrogation is
admissible as evidence against him in any criminal proceeding unless it is
shown on the face of the statement that: (a) the accused, prior to making the
statement...received from the person to whom the statement is made a warning
that: (1) he has the right to remain silent...; (2) any statement he makes
may be used as evidence in court; (3) he has a right to have a lawyer
present...; (4) he has a right to terminate the interview at any time; and (b)
the accused, prior to and during the making of the statement, knowingly,
intelligently and voluntarily waived the rights set out in the warning
prescribed by Subsection (a) of this section.      

Tex. Code Crim. Proc. Ann. Art. 38.22 sec. 2 (Vernon 1979) (emphasis
added).  Appellant urges that by using Aperson@ rather than Alaw enforcement
official,@ the statute facially applies to civilians
the same as it applies to law enforcement. 


Similar to its preceding provision, article 38.23 states A[n]o evidence
obtained by an officer or other person in violation of any provisions of
the Constitution or laws of the State of Texas...shall be admitted in evidence
against the accused on the trial of any criminal case.@  Tex.
Code Crim. Proc. Ann. Art. 38.23(a) (Vernon Supp. 2004) (emphasis
added).  In Johnson v. State, the
Court of Criminal Appeals held Athe plain language
of art. 38.23 supports the conclusion that the unlawful or unconstitutional
actions of all people, governmental and private alike, fall under the purview
of Texas= exclusionary
rule.@  939 S.W.2d 586, 587 (Tex. Crim. App. 1996)
(stating the word Aofficer@ precedes the word
Aother,@ which means being
distinct from those first mentioned).[1]  However, for reasons discussed below, we need
not determine whether the word Aperson@ in art. 38.22
refers to Aany person@ as in Johnson or
a Alaw enforcement
official.@     


The question before us is whether article 38.22 requires Miranda
warnings on written statements of the accused taken by private security
personnel. We hold, under the particular facts of this case, it does not. 








As previously stated, article 38.22 makes
inadmissable written statements facially devoid of Miranda warnings
produced as a result of custodial interrogation.  Tex.
Code Crim. Proc. Ann. Art. 38.22. 
In Bass v. State, the Court of Criminal Appeals analyzed article
38.22 and concluded the term Acustodial
interrogation@ was intended by the legislature to be
construed consistently with its meaning under the Fifth Amendment of the United
States Constitution.  723 S.W.2d 687,
690-91 (Tex. Crim. App. 1986).  In Miranda
v. Arizona, the United States Supreme Court defined custodial
interrogation as Aquestioning initiated by law enforcement
officers after a person has been taken into custody or otherwise deprived of
his freedom of action in any significant way.@  384 U.S. 436, 444 (1966); see Escamilla v.
State, No. 74494, 2004 WL 1462077, at *6 (Tex. Crim. App. June 30, 2004)
(citing Paez v. State, 681 S.W.2d 34, 36-37 (Tex. Crim. App. 1984)
(stating that article 38.22 does not apply to non-law enforcement personnel who
are not state agents)).  Appellant does
not contend Cruz is a law enforcement officer. 
Accordingly, the Asafeguards attendant to custodial
interrogation do not come into play unless the person to whom the statements
are made is acting as an agent of law enforcement pursuant to a police
practice.@  Macias
v. State, 733 S.W.2d 192, 195 (Tex. Crim. App. 1987), cert. denied,
484 U.S. 1079 (1988) (citing Paez, 681 S.W.2d at 37).  Moreover, appellant=s statement was
not the result of custodial interrogation because Cruz was not acting at the
request of police officers to elicit incriminating information from appellant.  Arnold v. State, 659 S.W.2d 45, 48
(Tex. App.CHouston [14th Dist.] 1983, no pet.).  Statements which are not the Aresult of@ or do not Astem from@ custodial
interrogation are admissible under article 38.22 on the question of guilt, and
not merely to impeach a defendant who testifies.  Chambliss v. State, 647 S.W.2d 257
(Tex. Crim. App. 1983); Arnold, 659 S.W.2d at 48.     

A written statement that does not include Miranda
warnings will be inadmissable under article 38.22 if it was made while
under custodial interrogation, or, stated another way, if both: (1) the questioning
was initiated by law enforcement officials; and (2) appellant was in custody or
deprived of freedom in a significant way.  In this case, the
statements complained of were made to employees of Foley=s Department Store
who worked in the loss prevention office. 
Private citizens, even security guards, are not ordinarily considered Alaw enforcement
officers.@  See
Ortiz v. State, 727 S.W.2d 37, 38-39 (Tex. App.CSan Antonio 1987,
pet. ref=d); Lambert v.
State, 625 S.W.2d 31, 33 (Tex. App.CSan Antonio 1981,
no pet.).  








The record reflects no evidence that any
of the employees were law enforcement officers or agents of law enforcement
pursuant to a police practice.  Law
enforcement officials did not initiate, know of, or acquiesce in Foley=s employees
efforts to obtain appellant=s statement, and
the record reflects that the store employees obtained the statement to further
Foley=s needs in preventing
theft, not for law enforcement purposes. 
Even the appellant recognizes in her brief the store employees were not
law enforcement officials.  We hold
appellant=s written statement was not made as a
result of custodial interrogation.  Thus,
Miranda warnings were not required on the face of the statement.

However, appellant contends the moment the
employee made a citizen=s arrest pursuant to article 18.16 of the
Criminal Code,[2]
she became an agent of the state.  As her
only authority appellant cites two cases, neither of which was decided in the
past seventy-five years, but were decided before the seminal Miranda
case.  See Smith v. State, 13 Cr.
R. 507 (1883) (referring to a predecessor statute and finding the party
exercising the right of arrest as a de facto officer); Henderson v.
U.S. Fidelidty, 298 S.W. 404 (Tex. Com. App. 1927).  We are unpersuaded that these cases require
private citizens to apply the modern day safeguards of Miranda.  See Macias, 733 S.W.2d at 195 (stating
that Asafeguards
attendant to custodial interrogation do not come into play unless the person to
whom the statements are made is acting as an agent of law enforcement pursuant
to a police practice@); Ortiz, 727 S.W.2d at 38-39
(statements made to security guard rather than law enforcement officer were not
within purview of article 38.22); see also Kohler v. State, 713 S.W.2d
141, 143 (Tex. App.CCorpus Christi 1986, pet. ref=d) (finding that
Fourth Amendment protections against searches only apply to searches conducted
by law enforcement personnel).           








Because the written statement was not the
result of a custodial interrogation, the statement was admissible under Article
38.22 of the Texas Code of Criminal Procedure.[3]  We also find no unlawful acts committed by
the store employees;[4]
therefore, article 38.23 which applies to Aall persons@ does not offer a
ground for suppressing the evidence.  See
Johnson, 939 S.W.2d at 587. 
Appellant=s first issue is overruled.  

Factual Sufficiency 

In her second issue, appellant contends
the evidence is factually insufficient to support her theft conviction.  Specifically, appellant argues the State=s key witness,
Diane Cruz, was not credible.  Because
appellant does not challenge the legal sufficiency of the evidence, our review
of the factual sufficiency of the evidence begins with the presumption that the
evidence supporting the judgement was legally sufficient.  See Clewis v. State, 922 S.W.2d 126,
129 (Tex. Crim. App. 1996).      








In conducting a factual sufficiency
review, we view all the evidence in a neutral light, without favoring either
party.  Johnson v. State, 23
S.W.3d 1, 6-7 (Tex. Crim. App. 2000).  We
will set aside the verdict only if: (1) the evidence supporting the verdict,
considered by itself, is too weak to support the finding of guilt beyond a
reasonable doubt, or (2) contrary evidence, if present, is strong enough that
the beyond-a-reasonable-doubt standard could not have been met.  Zuniga v. State, 144 S.W.3d 477, 484 (Tex.
Crim. App. 2004); Roy v. State, Nos. 14-02-00909-CR, 14-02-00910-CR,
2004 WL 1607489, at *4 (Tex. App.CHouston [14th
Dist.] July 20, 2004, no pet. h.).  When
reviewing the evidence, we must give appropriate deference to the jury findings
in order to avoid intruding on the fact finder=s role as the sole
judge of the weight and credibility of the evidence.  Johnson, 23 S.W.3d at 7.  Therefore, unless the record reveals a
different result is appropriate, we Amust defer to the
jury=s determination
concerning what weight to give contradictory testimonial evidence, because
resolution often turns on evaluation of credibility and demeanor.@  Id. at 8.

The record reveals the jury=s verdict is supported
by the evidence adduced at trial.  Cruz
had been an employee at Foley=s Department Store
for eleven years and was the loss prevention supervisor at the time of the
arrest.  Cruz testified she first
observed appellant on a security monitor and noticed appellant behaving
suspiciously.[5]  Appellant went into the fitting room with
seven items and exited with only two and a now-full backpack.[6]  Cruz surveyed all of the fitting rooms and
found five hangers, but no clothes.  Cruz
apprehended appellant when she attempted to leave the store.  Appellant accompanied Cruz to the loss prevention
office and removed five items of clothing from her backpack.  All of the items still had their Foley=s tag
attached.  Appellant had no receipt for
the items.  Appellant then signed a
written statement admitting guilt in front of Cruz and another employee.  However, appellant testified that Cruz was
lying.  Appellant also denied she had
taken any merchandise.                       









Our evaluation should not intrude upon the
fact-finder=s role as the sole judge of the weight and
credibility of the evidence.  Cain v.
State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Moreover, A[a] decision is
not manifestly unjust merely because the jury resolved conflicting views of the
evidence in favor of the State.@  Id. 
After considering the evidence in a neutral light, we conclude the
evidence is not too weak to support the finding of guilt beyond a reasonable
doubt, and that contrary evidence was not strong enough to conclude the
reasonable doubt standard could not be met. 
Therefore, appellant=s second issue is
overruled.

 

The judgment of the trial court is
affirmed.

 

 

 

 

 

/s/      John
S. Anderson

Justice

 

 

 

 

Judgment rendered
and Opinion filed November 12, 2004.

Panel consists of
Justices Anderson, Hudson, and Frost.

Publish C Tex. R. App. P. 47.2(b).

 











[1]  We note,
however, article 38.23 construed in Johnson refers to officers and
other persons, while article 38.22 refers only to persons.        





[2]  Article 18.16
authorizes all persons to arrest individuals suspected of theft.  See Tex.
Code Crim. Proc. Ann. Art. 18.16 (Vernon Supp. 2004).





[3]  We note that
because appellant=s statement did not stem from custodial interrogation,
it was admissible pursuant to section 5 of article 38.22.  Tex.
Code Crim. Proc. Ann. Art. 38.22 (Vernon 1979).  





[4]  See Tex. Code Crim. Proc. Ann. Art. 18.16; see
also Simpson v. State, 815 S.W.2d 900, 902 (Tex. App.CFort Worth 1991, no pet.) (stating that a store
security guard had a right to arrest defendant suspected of shop lifting); Rhodes
v. State, 712 S.W.2d 235 (Tex. App.CSan
Antonio 1986, no pet.) (finding employee validly arrested customer even though
he was not a peace officer after he observed her place a new price tag on
merchandise). 





[5]  Cruz testified
appellant had an empty backpack and carried seven items of clothing into the
fitting room without ever checking their size or price.   





[6]  The evidence
at trial also included videotapes of appellant from security cameras inside the
store but not inside the fitting room.