**Sandra LAMBERT, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 04–81–00054–CR.**

Court of Appeals of Texas, San Antonio.

Nov. 4, 1981.

---

Daniel R. Rutherford, San Antonio, for appellant.

Bill M. White, Dist. Atty., Douglas V. McNeel, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and CANTU, JJ.

BUTTS, Justice.

This is an appeal from a conviction in 1979 for assault, Tex. Penal Code Ann. § 22.01(a)(3) (Vernon 1974).[1] After having found the appellant guilty, the court assessed the punishment, a fine of $125.00. The sufficiency of the evidence is not challenged on appeal.

The record reflects that Jane Ann Kobelinski was a security officer for Joske's Department Store, but was not a peace officer. While she was working at the North Star Mall store in San Antonio, she observed the appellant in the store carrying a large purse. After the appellant picked out three blouses and a pair of pants, Kobelinski followed her into the dressing room area. From the hallway, Kobelinski was able to observe through the cracks of the louvered salon door of the dressing room as well as over the door. As she did so, she saw appellant place two of the blouses in her purse. The appellant subsequently left the store without paying for the merchandise.

Outside the store, Kobelinski approached appellant, identified herself as a security investigator for Joske's, presented an identification badge to appellant and requested the appellant to return the stolen merchandise. Appellant ignored Kobelinski at first, but then sprayed Kobelinski in the face with a can of mace three times. Ms. Kobelinski had no physical contact with appellant prior to being maced.

In her sole ground of error appellant contends that the trial court erred in holding that the attempted arrest of the appellant was lawful when, in fact, it was the result of an unlawful search, thereby warranting the appellant's use of such force as was necessary to prevent the unlawful arrest.

■ This is a conviction for assault. Do the events leading to the appellant's spraying of mace into the complainant's face justify that action? We think not. The record clearly shows that complainant used no force against the appellant, thereby precluding her reliance upon self-defense as justification under Tex. Penal Code Ann. § 9.31(a).[2] Although the instant case is a bench trial, it is well-settled that the same law regarding evidence of self-defense issues in the proceeding applies as in jury trials. There must be evidence in the trial raising the issue to justify the application of the law of self-defense. *See Rodriguez v. State*, 544 S.W.2d 382, 384 (Tex.Cr.App. 1976). The law of self-defense is not applicable where the evidence neither raises the issue as to any attack, or apparent attack upon appellant's person by the victim, nor raises the issue as to any reasonable expectation or fear of such attack. *Cerda v. State*, 557 S.W.2d 954, 958 (Tex.Cr.App. 1977). We hold that the facts of this case do not raise the issue of self-defense.

Appellant further argues that the "unlawful search", that is, being observed by

---

1. Tex.Penal Code Ann. § 22.01(a)(3) provides that a person commits an offense if he intentially or knowingly causes physical contact with another when he knows or should reasonably believe that the other will regard the contact as offensive or provocative. (It is noted that the 1979 amendment to the assault statutes left this portion the same.)

2. Tex. Penal Code Ann. § 9.31(a) states, *inter alia*, that a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force.

the complainant through the dressing room door, derives its unlawful character from an invasion of her right of privacy.

The Fourth Amendment to the United States Constitution[3] cannot be translated into a general constitutional "right to privacy." It protects individual privacy against certain kinds of governmental intrusion, *Katz v. United States*, 389 U.S. 347, 350, 88 S.Ct. 507, 510, 19 L.Ed.2d 576 (1967), but it does not afford protection from private security guards. *Gillett v. State*, 588 S.W.2d 361 (Tex.Cr.App.1979). The exclusionary rule under the Fourth Amendment applies only to governmental action and not to the action of a private security guard. *Gillett, supra*, at 363, *Burdeau v. McDowell*, 256 U.S. 465, 475, 41 S.Ct. 574, 576, 65 L.Ed. 1048 (1921). Similarly we find no violation of Article 1, section 9 of the Texas Constitution.

No error is shown. The judgment is affirmed.

**3.** The Fourth Amendment provides that:

The right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, as no Warrants shall issue, but upon probable cause supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.