**Nancy RHODES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–85–00435–CR.

Court of Appeals of Texas, San Antonio.

May 30, 1986.

---

William D. Engle, Jr., San Antonio, for appellant.

Sam Millsap, Jr., Jorge Canales, Ben Sifuentes, Barbara Hervey, Crim. Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and CANTU and DIAL, JJ.

OPINION

CADENA, Chief Justice.

Appellant, Nancy Rhodes was charged with removing and substituting a writing other than a governmental record with the intent to defraud and harm Scott Besson by intentionally and knowingly removing a price tag marked $34.99 from an item of merchandise in a retail establishment and substituting a price tag which was marked $9.99. *See* TEX. PENAL CODE ANN. § 32.47 (Vernon 1974). She was found guilty, fined $100.00, committed to jail for 15 days, and placed on probation for one year. Her appeal is based on the contention that the trial court erred in overruling her motion to suppress certain physical evidence which she claims was obtained as the result of an illegal arrest.

The evidence conclusively establishes that appellant, while in the store, removed a $34.99 price tag from a video game cartridge and replaced it with a $9.99 price tag which she had removed from another game cartridge. After she had paid $9.99 for the $34.99 game cartridge, a store employee detained her, seized the cartridge and held her and the cartridge until she handed them over to a police officer who had been summoned to the store. The employee in question had witnessed all of appellant's conduct, including the substitution of the price tags.

Appellant claims that, since the employee who detained her and seized the evidence was not a peace officer and the offense with which she is charged is neither a felony nor an offense against the public peace, her arrest by the store employee was not authorized by TEX. CODE CRIM. PROC.ANN. art. 14.01 (Vernon 1977), making the evidence obtained as the result of such illegal arrest inadmissible. We do not agree.

The applicable statute is not art. 14.01, but art. 18.16 of the Code of Criminal Procedure, which provides:

All persons have a right to prevent the consequences of theft by seizing any property which has been stolen and bringing it, with the supposed offender, if he can be taken, before a magistrate for examination, or delivering the same to a peace officer for that purpose. To justify such seizures, there must, however, be reasonable ground to suppose the property to be stolen, and the seizure must be openly made and the proceedings had without delay.

The offense committed by appellant constituted the crime of shoplifting as that crime was defined by our former shoplifting statute.[1] According to § 31.02 of the present Penal Code, the crime of theft as now defined by § 31.03 of the Code "constitutes a single offense superseding the separate offenses previously known as theft, ... shoplifting, ..." Since appellant was guilty of the offense previously known as shoplifting, she was guilty of theft as that offense is presently defined and the actions of the store employee who detained her and seized the stolen property were authorized by art. 18.16 of the Code of Criminal Procedure.[2] The "arrest" of appellant by the store employee was legal and the evidence in question was admissible. The trial court correctly overruled the motion to suppress the evidence which was obtained as the result of such arrest.

The judgment incorrectly recites that appellant waived a jury and entered a plea of guilty. The record clearly establishes that appellant entered a plea of not guilty, and was found guilty by a jury. The judgment is reformed to recite that appellant pleaded not guilty and was found guilty by a jury. The judgment is reformed to recite that appellant pleaded not guilty and that he was convicted by a jury. *Alexander v. State*, 496 S.W.2d 86, 87 (Tex.Crim.App. 1973).

The judgment of the trial court is affirmed.

1. Under the former shoplifting statute, Penal Code 1436e, § 1 (Vernon 1960), *repealed 1973*, one of the means by which the offense might be committed consisted of the switching of price tags.

2. The conclusion that appellant was guilty of theft need not rest solely on the provisions of § 31.02 of the Penal Code. According to § 31.03, theft is the unlawful appropriation of property with the intent to deprive the owner of such property, and the appropriation is unlawful if it is without the owner's effective consent. Under

§ 31.01(4)(A), consent is not "effective" if it is obtained by "deception," which is defined by § 31.01(2)(A) as the act of "creating or confirming by words or conduct a false impression of law or fact that is likely to affect the judgment of another in the transaction, and that the actor does not believe to be true." The conduct of appellant in switching the price tags establishes that appellant was guilty of deception and that the "consent" obtained by such deception was not "effective." This constitutes the crime of theft as defined by § 31.03.