**Federico Martinez MACIAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 69328.**

Court of Criminal Appeals of Texas, En Banc.

April 1, 1987.

Jose Montes, Jr. (Court-appointed), Michael R. Gibson (Court-appointed), Scott Segall, Charles Mallin, Joseph Calamia, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Robert Dinsmoor, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

OPINION

CAMPBELL, Judge.

Appeal is taken from a conviction for capital murder. V.T.C.A. Penal Code, § 19.03(a)(2). After finding the appellant guilty, the jury returned affirmative findings to the special issues under Article 37.071, V.A.C.C.P. Punishment was assessed at death. We affirm.

The appellant was convicted of intentionally and knowingly causing the death of Robert Haney in the course of committing and attempting to commit the offense of robbery. The appellant raises two points of error. He claims error in the denial of his motion for mistrial and of his challenges for cause regarding several prospective jurors. He also asserts that the trial court erred in admitting evidence, at the guilt/innocence phase of the trial, of statements the appellant made to another inmate.

■ In his first point of error, the appellant contends that the trial court erred in denying his motion for mistrial and failing to remove for cause twelve members of the jury panel.[1]

On June 4, 1984, the first day of jury selection, an article appeared in the *El Paso Times* pertaining to the appellant's trial. The article identified the appellant as the accused and briefly described the circumstances surrounding the offense and the appellant's arrest. Twelve venirepersons indicated that they had read the article. Each stated that he had not formed an opinion as to the appellant's guilt as a result of seeing the article.

■ A prospective juror is not disqualified for jury service merely because he has heard about some of the facts of a particular case. In *Phillips v. State*, 701 S.W.2d 875, 881–82 (Tex.Cr.App.1985), cert. denied, — U.S. ——, 106 S.Ct. 3285, 91 L.Ed.2d 574 (1986), this Court held that removal for

---

1. This point of error is multifarious and therefore fails to preserve anything for review. See *Euziere v. State*, 648 S.W.2d 700 (Tex.Cr.App. 1983). Nonetheless, we will address the appellant's contentions because the penalty of death was assessed in this case. Cf. *Modden v. State*, 721 S.W.2d 859, 861 n. 2 (Tex.Cr.App.1986).

cause was not necessarily required where a venireperson had seen and heard news coverage concerning the crime, the defendant's arrest, his confession and his prior conviction for murder. When a prospective juror states that his knowledge of the case has not caused him to form a conclusion regarding guilt, he is not subject to a challenge for cause. *Id.;* see also *Murphy v. Florida,* 421 U.S. 794, 95 S.Ct. 2031, 44 L.Ed.2d 589 (1975); Article 35.16(a)(10), V.A.C.C.P.

■ In the instant case, each of the jury panel members who acknowledged reading the article about the trial stated that he had not formed an opinion as to the appellant's guilt. Accordingly, no error is shown. Point of error one is overruled.

In his second point of error, the appellant argues that the trial court erred in admitting the testimony of Edward Parker, an inmate in the El Paso County Jail, regarding conversations Parker overheard between the appellant and another inmate, Claude William Clarke.

The record indicates that Assistant District Attorney William Moody requested that Captain Jesus Reyes place the appellant in a jail cell with Clarke. Clarke had on two prior occasions provided information to the District Attorney's office regarding cases in which defendants were charged with murder. Moody did not tell Reyes why he wanted the appellant to be placed in the same cell with Clarke, and Clarke was not informed why he and the appellant had been placed together.

Four days after the appellant was placed in the cell with Clarke, Clarke told Reyes that he wished to speak with someone in the District Attorney's office about an "important" matter. Reyes then contacted Moody, who interviewed Clarke. Clarke gave a statement outlining several conversations he had had with the appellant in which the appellant described the murders of Robert and Naomi Haney. At that time, Clarke told Moody that another inmate,

Parker, might have overheard some of the conversations between Clarke and the appellant.

At trial, Clarke did not testify before the jury. However, Parker did testify as to what he overheard the appellant tell Clarke. The following is an excerpt from Parker's testimony:

> Well, I heard him say that he tied the old man up and assassinated him, and then he said he went to bars and he called women names such as sluts and he mentioned some more names. And then he said that he used to work for the man and he went to his house, and the old man would get very upset and nervous and start raising his voice and all like that at home. And then he said that he had a blue shirt on with blood stains on it, and then he was going to cash a check somewhere down there at a convenience store and I heard him say that the old man had some kind of vending machines or something like that and he drawed about three other pensions besides that. And then he said his wife was in Canutillo in a trailer, and she went to California and that's where he got caught. And then I heard him say something about an old woman but I don't remember nothing about her. All I can remember was he saying, "the old woman."

The appellant contends that Parker's testimony should not have been admitted because Clarke was acting as an agent of the state in his conversations with the appellant. Therefore, the appellant argues, the statements overheard by Parker were a product of unlawful custodial interrogation in violation of Article 38.22, § 3, V.A.C.C.P.[2]

The appellant relies upon *McCrory v. State,* 643 S.W.2d 725 (Tex.Cr.App.1982) in his contention that the appellant's statements to Clarke stemmed from custodial interrogation. In *McCrory,* we held that the oral statement in question was the product of custodial interrogation since the

---

**2.** We note that the appellant does not raise any right to counsel claim under the Sixth or Fourteenth Amendments or under any state constitutional provision. See *Maine v. Moulton,* 474

U.S. 159, 106 S.Ct. 477, 88 L.Ed.2d 481 (1985); *Massiah v. United States,* 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964).

record as a whole clearly established that the defendant's statement " 'resulted from' a calculated *'practice'* which all agents of the State present knew was 'reasonably likely to evoke an incriminating response' from him." *Id.* at 734 (emphasis in original) (quoting *Rhode Island v. Innis,* 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980)).

We find, however, that the appellant's reliance on *McCrory* is misplaced, since that case is easily distinguishable from the instant case. In *McCrory,* a psychiatrist, Dr. John T. Holbrook, was affirmatively requested by law enforcement personnel to speak to the defendant. The interview of the defendant by Dr. Holbrook was observed by law enforcement agents through a one way mirror.

In *Paez v. State,* 681 S.W.2d 34, 37 (Tex. Cr.App.1984), this Court held that the safeguards attendant to custodial interrogation do not come into play unless the person to whom the statements are made is acting as an agent of law enforcement pursuant to a police practice.

In the instant case, the record clearly shows that Moody never informed Reyes or Clarke why Moody wanted the appellant placed in Clarke's cell. Clarke was never asked to question the appellant or to report his discoveries to anyone. Under these circumstances, we find that Clarke was not acting as an agent of law enforcement personnel in his conversations with the appellant. Hence, Article 38.22, supra, did not preclude the admission of the appellant's oral custodial admission made to Clarke and overheard by Parker. Point of error two is overruled.

Having considered the appellant's points of error and finding no reversible error, we affirm the judgment of the trial court.

CLINTON, J., concurs in result.