Carolyn Elizabeth **SIMPSON**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–90–155–CR.

Court of Appeals of Texas, Fort Worth.

Sept. 11, 1991.

T. Daniel Tompkins, Wichita Falls, for appellant.

Barry L. Macha, Crim. District Atty., John W. Brasher and William Harris, Asst., Wichita Falls, for State.

Before JOE SPURLOCK, II, HILL and DAY, JJ.

## OPINION

HILL, Justice.

Carolyn Elizabeth Simpson appeals her conviction by a jury of the offense of robbery. The jury assessed her punishment at twelve years in the Texas Department of Corrections, now the Texas Department of Criminal Justice, Institutional Division. In her sole point of error she asserts that the trial court erred in refusing her request to instruct the jury regarding the law of a "citizen's arrest" and the use of force in response, basically contending that the security guard at the store where she was shoplifting had no authority to use force to arrest and hold her for authorities.

We affirm because the trial court instructed the jury regarding the law of a citizen's arrest and the use of force in response, and because the store's security guard had the right to use force to arrest and hold Simpson for authorities by virtue of TEX. CODE CRIM.PROC.ANN. art. 18.16 (Vernon 1977). We further hold that the trial court's error in placing the burden of proof on self-defense upon Simpson rather than the State was not preserved for our review.

Carolyn Simpson entered a Wichita Falls grocery store with a companion, picked up meat from a meat counter, then went to another aisle of the store and stuffed the meat into her girdle. George Murphy, a store security guard, confronted her and her companion after the two women checked out at the store register with only a pack of gum or a can of corn.

Murphy testified that when he showed Simpson his badge and identified himself as store security, she started running and fighting. He said that she tried to run through him and he grabbed her arm. According to Murphy, Simpson was going wild, throwing her arms, and trying to hit. He related that David Crain, another store employee, grabbed her other arm. During the struggle, meat started falling out of Simpson's girdle, falling all over the floor.

Murphy testified that at that point Simpson just sat down in the doorway, kicking and screaming. He said that he and Crain tried to get Simpson to get up and come with them to the store's office to await the Wichita Falls police. He indicated that they started pulling her toward the store lobby area. While they were walking, Simpson attempted to bite Crain. When Crain let go of her arm, she scratched Murphy across the arm, throat, and face. When Simpson sat down again, Murphy stood behind her with his hands pressing down on her shoulders until the Wichita Falls police arrived.

Simpson admitted that she had gone to the store to shoplift. She testified that Murphy did not show a badge or state that

he was a security guard, and that it never crossed her mind that he was a security guard because previously when she was arrested for shoplifting the security guards showed badges. She said that she had removed the meat from her clothes before Murphy started struggling with her. She related that Murphy grabbed her by her hair and dragged her back in the store as she was heading toward the door. She denied scratching Murphy, but said that if she did that she did not intend to.

As we have noted, Simpson contends in her sole point of error that the trial court erred in refusing her request to instruct the jury regarding the law of a "citizen's arrest" and the use of force in response. Her basic contention is that Murphy had no right to use any force against her at the time she scratched him.

■ A store employee who witnesses someone commit the offense of theft of property from the store has the lawful right to arrest the offender under the authority of article 18.16 of the Texas Code of Criminal Procedure. *Rhodes v. State*, 712 S.W.2d 235 (Tex.App.—San Antonio 1986, no pet.).

■ Although Simpson contends that Murphy lacked the authority to arrest her, she also acknowledges the right of arrest noted in article 18.16. Article 18.16 provides that all persons have a right to prevent the consequences of theft by seizing any personal property that has been stolen and bringing it, with the supposed offender, if he can be taken, before a magistrate for examination or delivering the same to a peace officer for that purpose. She says that the provision in the statute that one may seize the supposed offender *"if he can be taken"* means that the legislature did not intend to allow unfettered use of force to prevent theft. We hold that the force authorized by article 18.16 is the same as that provided in article 15.24, which provides that all reasonable means are permitted to be used to effect an arrest, but that no greater force shall be used than is necessary.

We also note that TEX. PENAL CODE ANN. sec. 9.51 (Vernon 1974) provides, among other things, that before a person other than a peace officer or one acting at his direction is justified in using force against another in making a lawful arrest, he must manifest his purpose to arrest and give the reason for the arrest, or he must reasonably believe that his purpose and the reason for the arrest are already known by or cannot reasonably be made known to the person to be arrested.

■ As we previously recounted, Murphy testified that he showed Simpson his badge and identified himself as store security, but she testified that he did not identify himself or show her a badge. She did acknowledge that he ordered her to stop as she was leaving the store because she had "something that belongs to the store." We hold that even if Murphy did not identify himself as a store security guard, he did manifest both his intention to arrest Simpson and the reason for the arrest. The evidence did not raise any question concerning Murphy's right to arrest Simpson and his right to use reasonable force to do so.

■ Simpson argues that Murphy had no right to retain her once she had relinquished control of the meat. She relies on sections 9.41 and 9.43 of the Texas Penal Code and the case of *Satterwhite v. State*, 112 Tex.Crim. 574, 17 S.W.2d 823 (App. 1929). TEX. PENAL CODE ANN. sec. 9.41 (Vernon 1974) concerns the right of one in lawful possession of property to use reasonable force against another when such person reasonably believes the force is immediately necessary to reenter land or recover property. TEX. PENAL CODE ANN. sec. 9.43 (Vernon 1974) under certain circumstances extends the same rights to a person protecting the land or certain property of a third person. We do not find those provisions to conflict with the authority granted by article 18.16 of the Code of Criminal Procedure to take the offender, if he can be taken, to a magistrate.

The case of *Satterwhite*, 17 S.W.2d at 823 involved a justice of the peace who, after being involved in a fight with a citizen, approached the citizen at another loca-

tion approximately five minutes after the fight and killed him. The case discussed the right of the defendant to arrest the deceased without a warrant. The court held that an arrest without warrant for breach of the peace must be made at the time when the offense is committed or while there is a continuing danger of its renewal. *Satterwhite* is distinguishable from this case because it did not involve theft. We therefore do not find that it conflicts with our interpretation of Murphy's right to arrest and hold Simpson under the authority of article 18.16 of the Code of Criminal Procedure. Consequently, we do not agree with Simpson's contention that Murphy's right to arrest her terminated if and when she relinquished control of stolen property.

■ Simpson urges that Murphy did not have the right to arrest her because she did not commit a felony or a breach of the peace in his presence. The value of the meat she took was approximately ninety dollars. She relies on TEX. CODE CRIM. PROC.ANN. art. 14.01(a) (Vernon 1977) that provides for the right of a citizen who is not a peace officer to arrest another without a warrant for a felony or an offense against the public peace. As we have noted, Murphy's right to arrest Simpson was derived from article 18.16 of the Code of Criminal Procedure, not article 14.01(a).

■ In examining the court's charge to the jury we could not help but notice that the trial court placed the burden of proof on Simpson's right of self-defense on her instead of on the State. *See Luck v. State,* 588 S.W.2d 371, 375 (Tex.Crim.App.1979). No objection was made on that basis. In her requested instruction, Simpson first places the burden on herself and then on the State. The error is not raised by any point of error on this appeal nor is it addressed in Simpson's brief. Accordingly, as to that issue, there is nothing for this court to review. *Jenkins v. State,* 740 S.W.2d 435, 441 (Tex.Crim.App.1987) (opin-

ion on reh'g). We overrule Simpson's sole point of error.

The judgment is affirmed.