Jennifer ORIJI, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–03–00470–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 12, 2004.

Henry L. Burkholder, III, Houston, for Appellant.

William J. Delmore, III, Houston, for State.

Panel consists of Justices ANDERSON, HUDSON, and FROST.

## OPINION

JOHN S. ANDERSON, Justice.

Appellant Jennifer Oriji was convicted by a jury of misdemeanor theft and as-

sessed punishment at thirty days' confinement in the Harris County Jail. Asserting two points of error, appellant contends: (1) the trial court erred by admitting into evidence her written statement given to store employees when the statement did not include written *Miranda* warnings; and (2) the evidence is factually insufficient to support her conviction. We affirm.

## FACTUAL BACKGROUND

On October 17, 2002, appellant was inside Foley's Department Store while Diane Cruz, Foley's Loss Prevention Supervisor, watched her through security cameras. Appellant wore an empty backpack, selected seven items of clothing without apparent regard to price or size, and entered a fitting room. Cruz followed appellant to the fitting room area. Appellant left the fitting room with a full backpack and only two items of clothing in her hands. However, the missing five items were not left in the fitting room or in adjacent areas. When appellant exited the store, Cruz asked her to come to the loss prevention office. Appellant agreed. Inside the office, appellant removed five items of clothing bearing Foley's tags from her backpack. Appellant had no receipt for the items. Cruz told appellant it was the manager's decision whether to prosecute for theft and asked appellant to make a written statement. Cruz and another employee witnessed appellant make a written statement wherein appellant admitted taking the merchandise without paying. After the written statement was given, the Houston Police Department was called and appellant was arrested. Before trial, appellant's motion to suppress her written statement was denied.

## SUPPRESSION OF WRITTEN CONFESSION

In her first issue, appellant asserts the trial court erred by admitting into evidence her written statement given to store employees because it did not include written *Miranda* warnings. Specifically, appellant points to article 38.22, section 2 of the Texas Code of Criminal Procedure as authority for her contention that *Miranda* warnings are required on the face of the statement, even when the statement is taken by private store security personnel. This statute provides:

> [n]o written statement made by an accused as a result of custodial interrogation is admissible as evidence against him in any criminal proceeding unless it is shown on the face of the statement that: (a) the accused, prior to making the statement ... *received from the person to whom the statement is made a warning that:* (1) he has the right to remain silent ...; (2) any statement he makes may be used as evidence in court; (3) he has a right to have a lawyer present ...; (4) he has a right to terminate the interview at any time; and (b) the accused, prior to and during the making of the statement, knowingly, intelligently and voluntarily waived the rights set out in the warning prescribed by Subsection (a) of this section.

TEX.CODE CRIM. PROC. ANN. Art. 38.22 § 2 (Vernon 1979) (emphasis added). Appellant urges that by using "person" rather than "law enforcement official," the statute facially applies to civilians the same as it applies to law enforcement.

Similar to its preceding provision, article 38.23 states "[n]o evidence obtained by an *officer or other person* in violation of any provisions of the Constitution or laws of the State of Texas ... shall be admitted in evidence against the accused on the trial of any criminal case." TEX.CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon Supp.2004) (emphasis added). In *State v. Johnson*, the Court of Criminal Appeals held "the plain

language of article 38.23 supports the conclusion that the unlawful or unconstitutional actions of all people, governmental and private alike, fall under the purview of Texas' exclusionary rule." 939 S.W.2d 586, 587 (Tex.Crim.App.1996) (stating the word "officer" precedes the word "other," which means being distinct from those first mentioned).[1] However, for reasons discussed below, we need not determine whether the word "person" in art. 38.22 refers to "any person" as in *Johnson* or a "law enforcement official."

The question before us is whether article 38.22 requires *Miranda* warnings on written statements of the accused taken by private security personnel. We hold, under the particular facts of this case, it does not.

■ As previously stated, article 38.22 makes inadmissible written statements facially devoid of *Miranda* warnings produced as a result of *custodial interrogation.* Tex.Code Crim. Proc. Ann. art. 38.22. In *Bass v. State,* the Court of Criminal Appeals analyzed article 38.22 and concluded the term "custodial interrogation" was intended by the legislature to be construed consistently with its meaning under the Fifth Amendment of the United States Constitution. 723 S.W.2d 687, 690–91 (Tex.Crim.App.1986). In *Miranda v. Arizona,* the United States Supreme Court defined custodial interrogation as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *see Escamilla v. State,* 143 S.W.3d 814, 821 (Tex.Crim.App., 2004) (citing *Paez v. State,* 681 S.W.2d 34, 36–37 (Tex.Crim.App.1984) (stating that article

38.22 does not apply to non-law enforcement personnel who are not state agents)). Appellant does not contend Cruz is a law enforcement officer. Accordingly, the "safeguards attendant to custodial interrogation do not come into play unless the person to whom the statements are made is acting as an agent of law enforcement pursuant to a police practice." *Macias v. State,* 733 S.W.2d 192, 195 (Tex.Crim.App. 1987), *cert. denied,* 484 U.S. 1079, 108 S.Ct. 1059, 98 L.Ed.2d 1021 (1988) (citing *Paez,* 681 S.W.2d at 37). Moreover, appellant's statement was not the result of custodial interrogation because Cruz was not acting at the request of police officers to elicit incriminating information from appellant. *Arnold v. State,* 659 S.W.2d 45, 48 (Tex. App.-Houston [14th Dist.] 1983, no pet.). Statements which are not the "result of" or do not "stem from" custodial interrogation are admissible under article 38.22 on the question of guilt, and not merely to impeach a defendant who testifies. *Chambliss v. State,* 647 S.W.2d 257 (Tex.Crim. App.1983); *Arnold,* 659 S.W.2d at 48.

■ A written statement that does not include *Miranda* warnings will be inadmissible under article 38.22 if it was made while under custodial interrogation, or, stated another way, if both: (1) the questioning was initiated by law enforcement officials; and (2) appellant was in custody or deprived of freedom in a significant way. In this case, the statements complained of were made to employees of Foley's Department Store who worked in the loss prevention office. Private citizens, even security guards, are not ordinarily considered "law enforcement officers." *See Ortiz v. State,* 727 S.W.2d 37, 38–39 (Tex.App.-San Antonio 1987, pet. ref'd);

---

**1.** We note, however, article 38.23 construed in *Johnson* refers to *officers and other persons,* while article 38.22 refers only to *persons.*

*Lambert v. State*, 625 S.W.2d 31, 33 (Tex. App.-San Antonio 1981, no pet.).

■ The record reflects no evidence that any of the employees were law enforcement officers or agents of law enforcement pursuant to a police practice. Law enforcement officials did not initiate, know of, or acquiesce in Foley's employees efforts to obtain appellant's statement, and the record reflects that the store employees obtained the statement to further Foley's needs in preventing theft, not for law enforcement purposes. Even the appellant recognizes in her brief the store employees were not law enforcement officials. We hold appellant's written statement was not made as a result of custodial interrogation. Thus, *Miranda* warnings were not required on the face of the statement.

However, appellant contends the moment the employee made a citizen's arrest pursuant to article 18.16 of the Criminal Code,[2] she became an agent of the state. As her only authority appellant cites two cases, neither of which was decided in the past seventy-five years, but were decided before the seminal *Miranda* case. *See Smith v. State*, 13 Cr. R. 507 (1883) (referring to a predecessor statute and finding the party exercising the right of arrest as a *de facto* officer); *Henderson v. U.S. Fidelity*, 298 S.W. 404 (Tex.Com.App.1927). We are unpersuaded that these cases require private citizens to apply the modern day safeguards of *Miranda*. *See Macias*, 733 S.W.2d at 195 (stating that "safeguards attendant to custodial interrogation do not come into play unless the person to whom the statements are made is acting as an agent of law enforcement pursuant to a police practice"); *Ortiz*, 727 S.W.2d at 38–39 (statements made to security guard rather than law enforcement officer were not within purview of article 38.22); *see also Kohler v. State*, 713 S.W.2d 141, 143 (Tex.App.-Corpus Christi 1986, pet. ref'd) (finding that Fourth Amendment protections against searches only apply to searches conducted by law enforcement personnel).

Because the written statement was not the result of a custodial interrogation, the statement was admissible under article 38.22 of the Texas Code of Criminal Procedure.[3] We also find no unlawful acts committed by the store employees;[4] therefore, article 38.23 which applies to "all persons" does not offer a ground for suppressing the evidence. *See Johnson*, 939 S.W.2d at 587. Appellant's first issue is overruled.

## Factual Sufficiency

In her second issue, appellant contends the evidence is factually insufficient to support her theft conviction. Specifically, appellant argues the State's key witness, Diane Cruz, was not credible. Because appellant does not challenge the legal sufficiency of the evidence, our review of the factual sufficiency of the evidence begins with the presumption that the evidence supporting the judgment was legally suffi-

---

2. Article 18.16 authorizes all persons to arrest individuals suspected of theft. *See* Tex.Code Crim. Proc. Ann. art. 18.16 (Vernon Supp. 2004).

3. We note that because appellant's statement did not stem from custodial interrogation, it was admissible pursuant to section 5 of article 38.22. Tex.Code Crim. Proc. Ann. art. 38.22 (Vernon 1979).

4. *See* Tex.Code Crim. Proc. Ann. art. 18.16; *see also Simpson v. State*, 815 S.W.2d 900, 902 (Tex.App.-Fort Worth 1991, no pet.) (stating that a store security guard had a right to arrest defendant suspected of shop lifting); *Rhodes v. State*, 712 S.W.2d 235 (Tex.App.-San Antonio 1986, no pet.) (finding employee validly arrested customer even though he was not a peace officer after he observed her place a new price tag on merchandise).

cient. *See Clewis v. State,* 922 S.W.2d 126, 129 (Tex.Crim.App.1996).

In conducting a factual sufficiency review, we view all the evidence in a neutral light, without favoring either party. *Johnson v. State,* 23 S.W.3d 1, 6–7 (Tex. Crim.App.2000). We will set aside the verdict only if: (1) the evidence supporting the verdict, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt, or (2) contrary evidence, if present, is strong enough that the beyond-a-reasonable-doubt standard could not have been met. *Zuniga v. State,* 144 S.W.3d 477, 484 (Tex.Crim.App. 2004); *Roy v. State,* —— S.W.3d ——, ——, Nos. 14–02–00909–CR, 14–02–00910–CR, 2004 WL 1607489, at *4 (Tex.App.-Houston [14th Dist.] July 20, 2004, no pet. h.). When reviewing the evidence, we must give appropriate deference to the jury findings in order to avoid intruding on the fact finder's role as the sole judge of the weight and credibility of the evidence. *Johnson,* 23 S.W.3d at 7. Therefore, unless the record reveals a different result is appropriate, we "must defer to the jury's determination concerning what weight to give contradictory testimonial evidence, because resolution often turns on evaluation of credibility and demeanor." *Id.* at 8.

■ The record reveals the jury's verdict is supported by the evidence adduced at trial. Cruz had been an employee at Foley's Department Store for eleven years and was the loss prevention supervisor at the time of the arrest. Cruz testified she first observed appellant on a security monitor and noticed appellant behaving suspiciously.[5] Appellant went into the fitting room with seven items and exited with only two and a now-full backpack.[6] Cruz surveyed all of the fitting rooms and found five hangers, but no clothes. Cruz apprehended appellant when she attempted to leave the store. Appellant accompanied Cruz to the loss prevention office and removed five items of clothing from her backpack. All of the items still had their Foley's tag attached. Appellant had no receipt for the items. Appellant then signed a written statement admitting guilt in front of Cruz and another employee. However, appellant testified that Cruz was lying. Appellant also denied she had taken any merchandise.

■ Our evaluation should not intrude upon the fact-finder's role as the sole judge of the weight and credibility of the evidence. *Cain v. State,* 958 S.W.2d 404, 408–09 (Tex.Crim.App.1997). Moreover, "[a] decision is not manifestly unjust merely because the jury resolved conflicting views of the evidence in favor of the State." *Id.* at 410. After considering the evidence in a neutral light, we conclude the evidence is not too weak to support the finding of guilt beyond a reasonable doubt, and that contrary evidence was not strong enough to conclude the reasonable doubt standard could not be met. Therefore, appellant's second issue is overruled.

The judgment of the trial court is affirmed.

---

5. Cruz testified appellant had an empty backpack and carried seven items of clothing into the fitting room without ever checking their size or price.

6. The evidence at trial also included videotapes of appellant from security cameras inside the store but not inside the fitting room.