# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-14-00814-CV

**In the Matter of C. R. M.**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. D-1-JV-14-000426, HONORABLE RHONDA HURLEY, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Following the denial of his motion to suppress evidence, appellant C.R.M., a juvenile, pleaded true to engaging in delinquent conduct by committing the misdemeanor offense of possession of marihuana in a drug-free zone.[1]  The district court, sitting as a juvenile court, adjudicated C.R.M. delinquent and placed him on probation for a period of six months.  In his sole issue on appeal, C.R.M. asserts that the juvenile court abused its discretion in denying his motion to suppress.  We will affirm the juvenile court's judgment.

### BACKGROUND

At the hearing on the motion to suppress, the juvenile court heard evidence that on November 11, 2013, Dayna Anthony Swain, an assistant principal at Manor High School, received a report of a "suspicious" backpack "being passed around in the classroom."  The backpack was taken by a teacher and given to Swain, who searched the backpack and interviewed the student

---

[1]  *See* Tex. Health & Safety Code §§ 481.121, 481.134(a)(5).

who owned it. Swain testified that upon searching the backpack, she discovered "two baggies of marihuana" inside. Swain recounted that the student who owned the backpack denied that the marihuana belonged to him. Swain then proceeded to interview another student, C.R.M., who was also suspected of possessing the backpack. According to Swain, C.R.M. admitted during the interview that the marihuana belonged to him. Subsequently, C.R.M. was taken into custody by Deputy Steven Coleman of the Travis County Sheriff's Office, who served as the school resource officer (SRO) for Manor High School.

At the conclusion of the suppression hearing, C.R.M. asked the juvenile court "to suppress any confession made by [C.R.M.] to Ms. Swain." According to C.R.M., his acknowledgment to Swain that the marihuana belonged to him was the product of custodial interrogation and should be suppressed because C.R.M. was not provided with the statutory warnings required by section 51.095 of the Juvenile Justice Code.[2] The State argued in response that C.R.M. was not in custody at the time he made his statement to Swain and that, therefore, the statutory warnings were not required.[3] The juvenile court agreed with the State and denied the motion to suppress. C.R.M. subsequently pleaded true to engaging in delinquent conduct and was placed on six months' probation as noted above. This appeal followed.

---

[2] *See* Tex. Fam. Code § 51.095(a)(5) (listing statutory warnings).

[3] *See id*. § 51.095(b), (d) (limiting applicability of warnings required by section 51.095 to situations in which child is subject to custodial interrogation).

## STANDARD OF REVIEW

"Juvenile cases, though classified as civil proceedings, are quasi-criminal in nature and frequently concern constitutional rights and procedures normally found only in criminal law."[4] Moreover, the Juvenile Justice Code provides that juvenile-delinquency proceedings, although generally governed by the Texas Rules of Civil Procedure, are additionally subject to Chapter 38 of the Code of Criminal Procedure, which includes provisions relating to the admissibility of evidence in criminal cases.[5] For these reasons, when reviewing a motion to suppress evidence in a juvenile case, we are to use the same bifurcated standard applicable to the review of suppression motions in adult criminal cases.[6] Thus, we give almost total deference to a trial court's determination of historical facts and mixed questions of law and fact that rely upon the credibility of a witness, but apply a de novo standard of review to pure questions of law and mixed questions of law and fact that do not depend on credibility determinations.[7]

Additionally, we are to review a trial court's ruling on a motion to suppress in a juvenile case for abuse of discretion.[8] In other words, we will "overturn the trial court's ruling

---

[4] *In re H.V.*, 252 S.W.3d 319, 323 (Tex. 2008).

[5] *See* Tex. Fam. Code § 51.17(a), (c); *see also* Tex. Code Crim. Proc. art. 38.22, .23.

[6] *See In re R.J.H.*, 79 S.W.3d 1, 6 (Tex. 2002); *In re A.M.*, 333 S.W.3d 411, 414-15 (Tex. App.—Eastland 2011, pet. denied); *In re D.G.*, 96 S.W.3d 465, 467 (Tex. App.—Austin 2002, no pet.).

[7] *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011) (citing *Guzman v. State*, 955 S.W.2d 85, 87-89 (Tex. Crim. App. 1997)); *see R.J.H.*, 79 S.W.3d at 6-7.

[8] *R.J.H.*, 79 S.W.3d at 6; *In re D.J.C.*, 312 S.W.3d 704, 711 (Tex. App.—Houston [1st Dist.] 2009, no pet.).

only if it is outside the zone of reasonable disagreement."[9]  "We will sustain the trial court's ruling

if that ruling is 'reasonably supported by the record and is correct on any theory of law applicable

to the case.'"[10]  We must view the evidence in the light most favorable to the trial court's ruling.[11]

"Thus, the party that prevailed in the trial court is afforded the strongest legitimate view of the

evidence and all reasonable inferences that may be drawn from that evidence."[12]

## ANALYSIS

In his sole issue on appeal, C.R.M. asserts that the juvenile court abused its discretion

in concluding that C.R.M.'s statement to Swain—acknowledging that the marihuana belonged to

him—was admissible in evidence.  This is so, C.R.M. argues, because he was subjected to custodial

interrogation at the time he made the statement.  In cases in which a juvenile has made a statement

while being subjected to custodial interrogation, the statement is admissible in evidence only

if certain statutory warnings were provided to the juvenile prior to the statement being made.[13]

---

[9] *Martinez*, 348 S.W.3d at 922.

[10] *Valtierra v. State*, 310 S.W.3d 442, 448 (Tex. Crim. App. 2010) (quoting *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006)); *D.J.C.*, 312 S.W.3d at 711.

[11] *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008); *R.J.H.*, 79 S.W.3d at 7.

[12] *Garcia-Cantu*, 253 S.W.3d at 241.

[13] *See* Tex. Fam. Code § 51.095(a)(1)(A), (5).  These warnings are that: (i) the child may remain silent and not make any statement at all and that any statement that the child makes may be used in evidence against the child; (ii) the child has the right to have an attorney present to advise the child either prior to any questioning or during the questioning; (iii) if the child is unable to employ an attorney, the child has the right to have an attorney appointed to counsel with the child before or during any interviews with peace officers or attorneys representing the state; and (iv) the child has the right to terminate the interview at any time.

However, in the absence of custodial interrogation, these warnings are not required.[14] In this case, it is undisputed that C.R.M. did not receive the statutory warnings prior to making his statement. Therefore, the dispositive issue is whether C.R.M. was subjected to custodial interrogation at the time he made his statement to Swain.

Custodial interrogation is defined as "questioning initiated by law enforcement officers after a person has been taken into custody."[15] Because the questioning must be "initiated" by law enforcement officers, "the term 'custodial interrogation' encompasses only police practices."[16] Accordingly, this Court has held that questioning of a student by a principal does not, as a general rule, rise to the level of custodial interrogation.[17] Only when the principal or other school official is acting as an "agent" of law enforcement does the questioning rise to that level.[18]

---

[14] *See id*. § 51.095(b), (d); *see also Martinez v. State*, 131 S.W.3d 22, 32 (Tex. App.—San Antonio 2003, no pet.) ("[A] statement which is not the product of custodial interrogation is not required to be suppressed, even when the juvenile does not receive the statutory admonishments.").

[15] *Miranda v. Arizona*, 384 U.S. 436, 444 (1966); *Elizondo v. State*, 382 S.W.3d 389, 394 (Tex. Crim. App. 2012).

[16] *Paez v. State*, 681 S.W.2d 34, 37 (Tex. Crim. App. 1984) (citing *Rhode Island v. Innis*, 446 U.S. 291, 298 (1980)); *see also Macias v. State*, 733 S.W.2d 192, 195 (Tex. Crim. App. 1987); *Oriji v. State*, 150 S.W.3d 833, 836 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd).

[17] *See In re V.P.*, 55 S.W.3d 25, 32-33 (Tex. App.—Austin 2001, pet. denied); *see also In re M.R.*, No. 11-08-00155-CV, 2010 Tex. App. LEXIS 3681, at *9-10 (Tex. App.—Eastland May 13, 2010, pet. denied) (mem. op.).

[18] *See V.P.*, 55 S.W.3d at 32-33; *see also M.R.*, 2010 Tex. App. LEXIS 3681 at *9 ("[T]he safeguards attendant to custodial interrogation do not come into play unless the person to whom the statements are made is acting as an agent of the police." (citing *Paez*, 681 S.W.2d at 37)).

"The term 'agency' denotes a consensual relationship which exists between two persons or parties where one of them is acting for or on behalf of the other."[19]  "The law does not, however, presume an agency relationship."[20]  "The person alleging such a relationship has the burden of proving it."[21]  In determining whether this burden of proof has been satisfied, "courts must examine the entire record."[22]  Factors to consider in the analysis include whether the police were present during the interview; whether the police provided instructions to the interviewer on what questions to ask; whether the questions asked by the interviewer were "aimed at gaining information and evidence for a criminal prosecution" or were "related to some other goal"; and whether the defendant believed that he was speaking with a law-enforcement agent during the interview.[23]

In this case, Swain testified that her purpose in interviewing C.R.M. was "to know if he was the student who put the marihuana in the backpack" so that she could determine who to "discipline" for that behavior.  She explained, "[W]e have a certain matrix that we go by.  If you do this, then this happens.  If it happens again then this happens type of thing.  It's [a] discipline matrix we use for the district.  And for a first offense that would require a removal to the alternative school, the first offense is 15 days [suspension]."  Swain added, "And on my side, we don't do criminal. You know, we do school consequences for things that could be criminally related, but we don't, you

---

[19]  *Wilkerson v. State*, 173 S.W.3d 521, 529 (Tex. Crim. App. 2005).

[20]  *Id*.

[21]  *Id*.

[22]  *Id*. at 530.

[23]  *Id*. at 530-31.

know, [the police] have to make that call on if it's criminal or not, I guess, you know." Later during her testimony, Swain further testified that she considered her investigation to be "administrative" rather than criminal in nature. She explained, "I have to abide by school rules. I have school lawbooks I keep in my desk. . . . Once it becomes criminal, . . that's out of my pay grade or whatever you want to call it. So any time that I have to do an interview or a search it's administrative." Based on this evidence, the juvenile court would not have abused its discretion in finding that Swain had interviewed C.R.M. not for a law-enforcement purpose but for the administrative purpose of following school disciplinary procedures. Additionally, when asked if Deputy Coleman was "in any way involved in how [Swain] conducted the interview," Swain testified, "No." Swain also testified that she was "certain" that Coleman did not enter her office until after C.R.M. had admitted that the marihuana belonged to him. Coleman provided similar testimony, confirming that he was not present during the interview and did not participate in Swain's investigation. Moreover, there is nothing in the record tending to show that C.R.M. was under the impression during the interview that Swain was acting as an agent of law enforcement during the interview or that Swain said or did anything during the interview to create such an impression. We conclude that this record supports a finding by the juvenile court that C.R.M. failed to satisfy his burden to prove that Swain was acting as an agent of law enforcement when she interviewed C.R.M. Accordingly, we cannot conclude that the juvenile court abused its discretion in determining that C.R.M. was not subjected to custodial interrogation when he admitted that the marihuana belonged to him and in denying the motion to suppress on that ground.[24]

---

[24] *See V.P.*, 55 S.W.3d at 32-33; *see also M.R.*, 2010 Tex. App. LEXIS 3681 at *9-10.

We overrule C.R.M.'s sole issue.

## CONCLUSION

We affirm the juvenile court's judgment of delinquency.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed:   August 10, 2016